By the Court.—Barbour, Ch. J.
This case comes before us on appeal, by the plaintiffs, from a judgment entered against them upon the report of a referee, in an action for the recovery of a balance alleged in the complaint to be due and owing to the plaintiffs by the defendants in an account for printing paper sold and delivered. The answer contained a full denial of the alleged purchase and indebtedness.
Upon tbe trial it appeared that prior to March 16, 1868, one Charles H. Sweetzer had been in the habit of purchasing paper from the plaintiffs which was charged to him; that on March 16 a joint stock association was formed between Sweetzer and several other persons for the purpose of printing and publishing books and newspapers; that, shortly after the associa *60 tion was formed, Sweetzer informed one of the plaintiffs of that fact, and further stated that it was not ne cessary for them to make any change in the keeping of the account, as he was the largest owner of the stock, and, in reality, “ he was the association and the association was him;” that the paper, as delivered, was thenceforward charged by the plaintiffs on their books to Sweetzer, and receipted for, usually, as delivered to him, and that payments were made, from time to time, upon the account, in Sweetzer’s checks. Evidence was also given by the plaintiffs tending to prove that the paper in question was used by the association in the publication by them of their newspaper, The Evening Mail.
The referee’s conclusion that the evidence was not sufficient to entitle the plaintiffs to a recovery seems to have been correct. When Sweetzer, who was the acting agent of the defendants, told the plaintiffs that he and the association were one inasmuch as he was the principal stockholder, and that the account might be continued in his name, it is quite possible the plaintiffs had a right to elect whether they would recognize him as their debtor in the credits to be given, or the association ; and the fact that they charged the goods, to the former, took his receipts therefor, and received his checks in payment upon the account, is pretty strong evidence that the credit was given to Sweetzer, and not to the association. Let that be as it may, however, it is enough to say that the evidence is of such a character ■that two persons of equal judgment, but with differently constituted minds, might honestly arrive at opposite conclusions as to the person to whom the credit was given. It was the province of the referee to determine that question of fact; and his finding is as much a finality as the decision of a jury would have been. We cannot properly say, upon the evidence before us, that he erred;
The judgment should therefore be affirmed, with costs.